**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5222-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NICHOLAS W. CEREGHINI,

     Defendant-Appellant.

_____

Submitted October 17, 2018 – Decided October 31, 2018

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 11-12-2165, 13-01-0240, 13-02-0336 and 14-05-1363.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Roberta Di Biase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Nicholas Cereghini appeals from a June 28, 2017 order denying his petition for post-conviction relief (PCR). We affirm substantially for the reasons stated by Judge James M. Blaney in a written opinion accompanying the order. We add the following comments.

As the result of a comprehensive plea bargain resolving three indictments, on October 29, 2013, defendant pled guilty to first-degree robbery, third-degree possession of a controlled dangerous substance with intent to distribute, and fourth-degree criminal trespass. Pursuant to an additional plea bargain, on June 23, 2014, he pled guilty to third-degree burglary and other offenses that he committed after his October 29 guilty plea but before his scheduled sentencing date. On September 19, 2014, the court sentenced defendant, as though he were a second-degree offender, to nine years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, for the first-degree robbery charge. The court also imposed a consecutive term of three years for the burglary, and imposed concurrent terms for all of the remaining charges. We affirmed the sentence on direct appeal, but remanded to give defendant additional jail credits to which the State agreed he was entitled. State v. Cereghini, No. A-1795-14 (App. Div. July 29, 2015).

A-5222-16T3

Defendant then filed a PCR petition, claiming that his trial counsel should have pursued a <u>Miranda</u>[1] motion, instead of withdrawing the motion. Judge Blaney issued a cogent written opinion explaining his reasons for denying the PCR petition. Significantly, the judge concluded that the State had strong evidence against defendant even without his statement, and defendant's trial counsel obtained a very favorable plea offer for him, which would not have been available if he had insisted on pursuing the <u>Miranda</u> motion. In other words, it would not have been rational for defendant to refuse the plea bargain and instead insist on going ahead with the <u>Miranda</u> motion and the trial. See <u>State v. Maldon</u>, 422 N.J. Super. 475, 486 (App. Div. 2011).

On this appeal, defendant presents the following points of argument:

> POINT I: THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, PAR. 10 OF THE NEW JERSEY CONSTITUTION.
>
> POINT II: THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

Based on our review of the record, we conclude those arguments are without sufficient merit to warrant discussion, beyond the following brief comments. R. 2:11-3(e)(2).

Defendant contends that the Miranda motion would have been granted, because the police questioned him first, and then administered the Miranda warnings. However, defendant does not address whether it would have been rational to pursue the motion instead of taking the plea bargain he was offered. Additionally, defendant did not submit a certification or other legally competent evidence explaining what allegedly ineffective advice his trial counsel gave him, or attesting that defendant did not want to withdraw the motion. Further, the plea transcripts disclose that defendant was well aware of his right to continue the Miranda hearing, and he chose to abandon that course of action. At the October 29, 2013 plea hearing, the judge stated that there was a pending Miranda hearing but the motion would probably be withdrawn. At the June 23, 2014 plea hearing, the judge reminded defendant that even if he confessed to the offenses, he had a right to have hearings prior to trial. When asked, "Are you giving up your right to those hearings?" defendant responded, "Yes."

To prevail on his PCR petition, defendant needed to demonstrate that, due to his attorney's ineffective representation, he pled guilty when he otherwise

4

would have insisted on going to trial. State v. DiFrisco, 137 N.J. 434, 457 (1994). Defendant also needed to establish that it would have been rational to reject the plea offer and go to trial. Maldon, 422 N.J. Super. at 486. In his PCR petition, defendant did not present evidence that his attorney was ineffective, that it would have been rational to proceed with the Miranda hearing, or that defendant did not want to waive the hearing and accept the plea deal. Consequently, he did not present a prima facie case of ineffective assistance of counsel, and Judge Blaney correctly decided the petition without an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION